IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES MICHAEL JOHNSON, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-13-053-RAW-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff James Michael Johnson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 22, 1960 and was 50 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past as an assembly line worker. Claimant alleges an inability to work beginning February 28, 2009 due to limitations resulting from problems with his right hand, back, and shoulders as well as dyslexia, bad memory, inability to read, write, or do math beyond

simple addition, and depression.

## Procedural History

On April 29, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 21, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Osly F. Deramus in McAlester, Oklahoma. On September 26, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on November 27, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform less than a full range of light work.

## Error Alleged for Review

Claimant contends that ALJ erred by (1) failing to find Claimant disabled under the Grids; (2) failing to order a physical

4

examination to establish Claimant's limitations with regard to his right hand; and (3) reaching an RFC which is inconsistent with his decision.

### Use of the Grids

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic shoulder pain, chronic lower back pain, and a learning disorder. (Tr. 22). He also found Claimant retained the RFC to perform less than a full range of light work with the limitations that he can occasionally stoop, frequently crouch, crawl, kneel, balance, and climb stairs and ladders. The ALJ also found Claimant was able to understand, remember, and carry out simple instructions, could interact appropriately with supervisors and co-workers, but not the general public, and was able to adapt to a work situation. (Tr. 24-25). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative job of housekeeper. (Tr. 31). The ALJ found this job existed in the national and state economies existed in sufficient numbers. (Tr. 32).

Claimant first contends the ALJ erred by failing to apply the Grids in determining that he is disabled. He argues that once he attained the age of 50 and was considered illiterate, he is disabled under the Medical-Vocational Guidelines. In his decision,

5

the ALJ determined Claimant's educational level as "marginal" due to his learning disorder and considering his testimony. (Tr. 30).

In order to help evaluate the step five requirement, whether or not there are sufficient jobs in the economy that the claimant can perform given his or her age, education, and work experience, the Social Security Administration has created Medical-Vocational Guidelines, also known as "the grids." *See* 20 C.F.R. § 404.1567; 20 C.F.R. Pt. 404, Subpt. P, App. 2; Trimiar v. Sullivan, 966 F.2d 1326, 1332 (10th Cir. 1992). Five degrees of residual functional capacity are outlined in the grids by general exertional level- sedentary, light, medium, heavy, and very heavy exertion. 20 C.F.R. § 404.1569a; Trimiar, 966 F.2d at 1332 n. 22. Residual functional capacity reflects "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). If the ALJ finds that a claimant's exertional capacity, education, age, and skills fit precisely within the criteria of a particular grid level, the ALJ may conclude the claimant is not disabled. Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Claimant contends the ALJ should have applied the Grids in finding him to be disabled. Specifically, Claimant asserts Rule

6

202.09 of the Grids should have been applied which requires an age classification of "closely approaching advanced age," an education level of "illiterate or unable to communicate in English," and previous work experience of "unskilled or none."  20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.09.

For purposes of applying the grids, illiteracy "means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling."  20 C.F.R. § 404.1564(b)(1).

The ALJ determined Claimant had a "marginal education."  This finding was primarily based upon Claimant's completion of formal education through the eleventh grade.  The agency's regulation provides for use of numerical grade level to determine educational abilities only if there is no other evidence to contradict it.  20 C.F.R. § 404.1564(b).  However, "the numerical grade level ... completed in school may not represent . . . actual educational abilities."  20 C.F.R. § 416.964(b).  In this case, Claimant indicated to Dr. Diane Brandmiller, a consultative mental examiner, that his reading had improved but that he is still reading at a first grade level.  (Tr. 217).  This level of ability, while

minimal, does not render Claimant illiterate under the regulations.

Moreover, to qualify for the application of Rule 202.09, Claimant's previous work would have to be classified as unskilled. Claimant's prior work as a metal door assembler was classified by the vocational expert at "semi-skilled." (Tr. 64). The application of Rule 202.09 of the Grids would, therefore, be inappropriate. The ALJ did not err by failing to find Claimant disabled through the use of the Grids.

### Duty to Develop the Record

Claimant contends the ALJ should have ordered a further consultative physical examination before arriving at his RFC. The ALJ has a duty to fully and fairly develop the record as to material issues. Baca v. Dept. of Health & Human Servs., 5 F.3d 476, 479-80 (10th Cir. 1993). To serve that end, the ALJ has broad latitude in ordering consultative examinations. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997). If a conflict in the medical evidence exists or if that evidence is inconclusive, a consultative examination may be required. Id.

Claimant refers to a note by Dr. Heather O'Neal which indicates Claimant was experiencing right shoulder pain. (Tr. 256). Dr. Suzanne Roberts in a consultative examination found Claimant would have limitations in gross manipulation from the

residual of a broken fourth finger on his hand. (Tr. 265). The ALJ gave this opinion "little weight" because the examiner did not have for review the evidence, observations, and testimony received at the hearing level. (Tr. 28). Even if the ALJ would have included a limitation for gross manipulation in his RFC, the vocational expert testified that the job he identified would only be excluded if the limitation applied to both hands. (Tr. 69). Nothing in the record indicates Claimant had limitations to both hands.

No conflict in the record or the evidence would warrant the use of an additional consultative examiner. No inconsistency exists which would have required the use of a further physical examiner. The ALJ fulfilled his duty to develop the record.

### RFC Determination

Claimant states that the ALJ did not include all of the limitations arising from his severe impairments in his RFC assessment. Without providing specific references to the record, Claimant appears to argue that once the ALJ found Claimant suffered from severe impairments in the shoulder and back, he should have included additional limitations arising from those conditions. By limiting Claimant to light work, the ALJ considered Claimant's physical impairments. The ALJ also limited Claimant to occasional

9

stooping. (Tr. 24). The medical record indicates Claimant's shoulder pain was treated by injection and Claimant admitted it was better. (Tr. 56). Claimant's treating physician on his hand post finger break found he had done amazingly well and his motion was almost full. He was released to use the hand at will. (Tr. 249). The ALJ considered Claimant's mental impairments in his RFC in light of the medical record. (Tr. 24-25). Based upon the ALJ's consideration of the medical evidence, his RFC findings are supported by substantial evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE